"White, C. J.
I dissent from the judgment of reversal. ‘The sitting of Eli Stephenson as a juror on the trial constitutes, in my opinion, no ground for reversal. The person ■drawn as a juror was described in the venire as “ Eli Stephenson, Parma ” township. It appears from the testimony ■of the officer who served the venire, there were a father and son of that name living in Parma township, in houses near together, and separated only by a road, and that he put a oopy of the summons into the hands of the son. There is no suggestion of fraud on the part of the father or son, and the reasonable inference is that they supposed the father was *276 intended by tbe description, and that accordingly he appeared at the trial to serve as a juror. At the impaneling of the jury he was examined, both on behalf of the state and of the defendant, touching his qualifications ; and being found qualified, he was accepted as a juror. Any objection on the ground that he had not been properly summoned ought to have been inquired into and made then; and not having been so made, the objection was waived.
An irregularity in the proceedings, which will, under the statute, warrant the granting of a new trial, must materially affect the substantial rights of the accused, and prevent him from having a fair trial.”
The objection here made does not impugn the fairness of of the trial.
The jury act provides that when a jury shall not have been selected, drawn, or summoned, or when the officer executing the venire shall not have proceeded as prescribed by law, the array may be challenged, but that such challenge can only be made before the jury is impaneled, and sworn. 74 Ohio L. 220.
If an objection of this kind can not be made available when it is applicable to the entire panel, much less ought it to be when it applies only to a single juror.
McIlvaine, J., concurs in this dissenting opinion.